# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
v. ) CASE NO. CR-17-220-HE
BRENNA KAY UNDERHILL, )
)
    Defendant. )

## PETITION TO ENTER PLEA OF GUILTY

The defendant states to the Court that the defendant wants to enter a plea of GUILTY to the following counts of the Indictment or Information: __Count 1 of the Information__

In connection with this plea of GUILTY, I, __Brenna Kay Underhill__, the defendant in this case, inform the Court, under penalty of perjury, that I have discussed these matters with my attorney and the answers to the following questions are true and correct to the best of my knowledge and belief.

**A. BACKGROUND QUESTIONS**

Before the Court can accept your plea of guilty, it is necessary that the Court has certain background information about you and this case. The questions in this section are asked for this purpose.

1. (a) What is your name? __Brenna Kay Underhill__
   (b) What is your age? __Forty-Three (43)__

2. Are you currently employed? Yes __✓__ No ____
   If yes, what is the name, address and telephone number of your employer?
   __Advanced Masonry; 4520 South MacArtur Blvd, Oklahoma City, OK, 73179; 405-680-9000__

3. How much education have you had? __Bachelors Degree, Oklahoma Panhandle State__

4. Have you ever received medical care or treatment for drug addiction and/or alcohol abuse? Yes _____ No ✓

[If so, prior to the hearing on the Petition to Enter Plea of Guilty, counsel for defendant shall submit to the judge's orders mailbox a list of the dates, places, and types of treatment received by defendant.]

5. Have you ever received medical care or treatment for a mental or emotional condition? Yes _____ No ✓

[If so, prior to the hearing on the Petition to Enter Plea of Guilty, counsel for defendant shall submit to the judge's orders mailbox a list of the dates, places, and types of treatment received by defendant.]

6. (a) Have you consumed any drug, alcohol or medication that is now impairing your ability to think clearly or to understand and answer the questions in this Petition to Enter Plea of Guilty? Yes _____ No ✓

   (b) Are there any medications prescribed for you that you are not now taking as directed? Yes _____ No ✓
   If yes, does the fact that you are not taking the medication as directed impair your ability to think clearly or to understand and answer the questions in this Petition to Enter Plea of Guilty? Yes _____ No _____

7. If an attorney is now representing you in this case, what is your attorney's name? __Adam R. Banner__

8. If you have an attorney, have you had enough time to talk with your attorney about your case? Yes ✓ No _____

9. If you have an attorney, have you told your attorney everything you know about your case? Yes ✓ No _____

10. If you have an attorney, are you satisfied with the services your attorney has provided for you? Yes ✓ No _____

11. Do you understand the charge(s) against you? Yes ✓ No _____

B. **CONSTITUTIONAL RIGHTS - WAIVERS**

Before the Court can accept your plea of guilty, it is important that you understand that you will be giving up many valuable constitutional rights by entering a plea of guilty. The questions in this section are designed to inform you of those rights.

12. Do you understand you have a right to plead NOT GUILTY to every charge filed against you? Yes ✓ No ____

13. Do you understand if you plead NOT GUILTY you have the following constitutional rights:

    (a) the right to a speedy and public trial by jury?
    Yes ✓ No ____

    (b) the right to counsel at all stages of the proceedings, and that if you cannot afford to pay a lawyer, one will be appointed to represent you? Yes ✓ No ____

    (c) the right to see and hear all witnesses called to testify against you and the right to cross-examine them? Yes ✓ No ____

    (d) the right to use the subpoena power of the Court to compel the attendance of witnesses at trial and the production of other forms of evidence? Yes ✓ No ____

    (e) the right not to be compelled to incriminate yourself by taking the witness stand; and that if you do not take the witness stand, no inference of guilt may be drawn from your failure to do so?
    Yes ✓ No ____

    (f) the right to be presumed innocent until the government has proved you guilty beyond a reasonable doubt by the unanimous agreement of all twelve of the jury members?
    Yes ✓ No ____

14. Do you understand if you plead GUILTY you will be found guilty without a trial and you will have given up all of the above rights, except the right to counsel?
    Yes ✓ No ____

15. Do you understand if you plead GUILTY to a felony offense this may deprive you of valuable civil rights including the right to vote, the right to hold public office, the right to serve on a jury, the right to possess any kind of firearm, destructive device or ammunition, and may make you ineligible for certain government benefits?
Yes ✓   No ____   Not Applicable ____

16. If you are not a citizen of the United States, pleading guilty may affect your immigration status. Pleading guilty may result in your deportation or removal from the United States, may prevent you from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization. Deportation is mandatory for certain offenses, including most crimes involving controlled substances. You may be deported or removed from the United States even if you are a legal resident and even if you have legally lived in the United States for many years. Do you understand?
Yes ____   No ____   Not Applicable ✓

C. **SENTENCING - GENERAL**

Before the Court can accept your plea of guilty, it is important that you understand certain aspects of the sentencing process. The questions in this section are designed for that purpose.

17. Do you realize if you plead GUILTY the maximum statutory sentence the judge may impose remains the same as if you had pled NOT GUILTY and had been convicted by a jury? Yes ✓   No ____

18. Do you know the sentence you will receive is solely a matter for the judge to decide?
Yes ✓   No ____

19. (a) What is the maximum sentence the law provides for the offense(s) to which you want to plead GUILTY?
_Twenty (20) years of imprisonment or a fine of $250,000.00, or both such imprisonment and fine, as well as a mandatory special assessment of $100.00 and a term of supervised release of three years._

(b) Is there a minimum mandatory sentence the law provides for the offense(s) to which you want to plead GUILTY? Yes _____ No __✓__ If yes, what is it?

_____
_____

(c) For certain offenses a term of supervised release must be imposed to be served after the person is released from a term of imprisonment. Is there a mandatory term of supervised release for the offense(s) to which you want to plead GUILTY? Yes _____ No __✓__ If yes, what is the maximum mandatory term? _____

For all other offenses, the judge may, in the judge's discretion, impose a term of supervised release to be served following the person's release from imprisonment. What is the maximum term of supervised release that could be imposed in this case?

_____**Three (3) years**_____
_____
_____

What is the maximum term of imprisonment that could be imposed if your supervised release were revoked?

_____**Two (2) years**_____
_____
_____

(d) Will you be forfeiting any property to the United States as a result of your guilty plea? Yes _____ No __✓__ If yes, what property?

_____
_____

20. If you plead GUILTY, the judge may require you to make restitution to any victim of the offense [18 U.S.C. §§ 3663 and 3664]. If you plead GUILTY to an offense that occurred on or after April 24, 1996, and the offense falls into certain categories of offenses, including property offenses and crimes of violence, ordinarily the judge is required to order you to pay restitution to any victim of the offense [18 U.S.C. § 3663A]. Also, in certain cases, the law identifies specific classes of people or organizations that may be entitled to restitution. Restitution is a continuing obligation that does not end until it is paid in full. In other words, the United States may continue to seek restitution from you even though you are no longer serving a sentence of confinement or supervision. Do you understand all of this?
Yes ✓  No ___

21. The judge must impose a special assessment for each count to which you enter a plea of guilty. The amount of the special assessment depends on whether the offense is a felony or a misdemeanor [18 U.S.C. § 3013]. In your case, taking into account each offense to which you want to plead guilty, the total amount of special assessment is $ ___ . This amount will be due at the time of sentencing. Do you understand this?
Yes ✓  No ___

22. If you are on probation or parole in this or any other court, do you know that by pleading GUILTY here your probation or parole may be revoked and you may be required to serve a sentence as a result of that revocation in addition to any sentence imposed upon you in this case? Yes ✓  No ___

23. Do you understand that in certain circumstances a federal judge may order a federal sentence of imprisonment to run at the same time as a state sentence of imprisonment?
Yes ✓  No ___

24. Do you understand if you are convicted of a violation of Title 18, United States Code, Section 924(c), the term of imprisonment imposed for that conviction cannot be served concurrently with any other term of imprisonment?
Yes ___  No ___  Not Applicable ✓

D. **SENTENCING GUIDELINES AND OTHER SENTENCING CONSIDERATIONS**

25. In determining an appropriate sentence for a federal crime, the judge must consider the Sentencing Guidelines developed by the United States Sentencing Commission. The Sentencing Guidelines are advisory in nature, not mandatory. The judge must consider imposing a sentence within the range established by the Sentencing Guidelines, but the judge may impose a sentence either above or below that range. Do you understand this? Yes ✓ No ____

26. In calculating the range of sentence under the advisory Sentencing Guidelines, the judge will take into account all conduct, circumstances, and injuries associated with your criminal conduct, whether or not this conduct is formally charged by the government. The judge will consider all relevant conduct at the time of sentencing even though you are pleading guilty to fewer than all counts in the Indictment or Information. Do you understand this? Yes ✓ No ____

27. Also, there is no limitation placed on the information the judge can consider at the time of sentencing concerning your background, character, and conduct so long as the information is reliable. The judge will take all of these factors into consideration in determining an appropriate sentence. Do you understand this? Yes ✓ No ____

28. If the judge orders a presentence investigation, a U.S. Probation Officer will be assigned to conduct a thorough investigation and prepare a presentence report for the judge's use. Do you understand that if you lie to the U.S. Probation Officer, or if you cause others to lie on your behalf, this can be considered by the judge and may increase the range of sentence calculated under the advisory Sentencing Guidelines? Yes ✓ No ____

29. Your history of prior criminal convictions will be used to compute your Criminal History Category under the Sentencing Guidelines. If you have prior felony convictions which were imposed or for which you have served time within the past 15 years, your Criminal History Category may be increased. Similarly, if you have received misdemeanor convictions within the past 10 years, your Criminal History Category may be increased. Certain exceptions may apply in your case that would exclude a conviction from the Criminal History Category computation. Nonetheless, do you understand your prior criminal history has a direct impact on the calculation of the sentencing range under the advisory Sentencing Guidelines? Yes ✓ No ____

30. Do you understand if you committed the present offense(s) while you were on probation, parole, supervised release, or escape status, this will increase the number of points assessed in your criminal history computation? If this increases your Criminal History Category, do you understand it may increase the range of sentence calculated under the advisory Sentencing Guidelines? Yes ✓ No ___

31. Do you understand if this offense is a crime of violence or a drug trafficking offense, and if you have two prior felony convictions of either a crime of violence or a drug trafficking offense, you could be sentenced as a career criminal offender which would increase the sentence you receive? Yes ___ No ___ Not Applicable ✓

32. The maximum sentence for the offense(s) to which you want to plead guilty is the statutory maximum set out in ¶¶ 19, 20 and 21 above. If you are pleading guilty to more than one count, you could receive the maximum sentence on each count of conviction running consecutively (C/S). See USSG § 5G1.2. Do you understand this?
Yes ✓ No ___

33. In certain cases, the law requires the judge to impose a mandatory minimum term of imprisonment. Before the judge may impose a sentence below a mandatory minimum term, the United States Attorney must file a motion recommending a lesser sentence. The United States Attorney has the discretion to file such a motion if the person provides substantial assistance in the investigation or prosecution of another person. Do you understand this? Yes ___ No ___ Not Applicable ✓

34. If you cooperate and provide substantial assistance to investigating authorities, the United States Attorney has the discretion to file a motion requesting that the judge impose a sentence below the range of sentence calculated under the advisory Sentencing Guidelines. Do you understand this? Yes ✓ No ___

35. Parole is not available in the federal system. If you are sentenced to a term of imprisonment, you will serve the entire time imposed (less any earned good time credits that may be applied to reduce the amount of time you actually serve). The maximum amount of credit you may receive against your sentence will be determined by the Bureau of Prisons and is limited by statute [18 U.S.C. § 3624]. Do you understand this? Yes ✓ No ___

36. If at least one year of imprisonment is ordered in your case, the judge may also impose a term of supervised release, which you will begin serving after you are released from custody. For certain offenses, a term of supervised release is mandatory. During any term of supervised release, you will be subject to conditions

that will include refraining from any additional violations of local, state or federal law, reporting requirements, travel and residence restrictions, and testing for controlled substance use. If you violate the conditions of your supervised release, the judge may revoke your supervised release and sentence you to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time you successfully spent on supervised release. Do you understand this? Yes ✓ No ___

The judge has the discretion to impose another term of supervised release, to be served after you serve your sentence for violating the first term of supervised release. If you violate you supervised release again, you can be sentenced to serve more time, followed by more supervised release, at the discretion of the judge. Under certain circumstances there is no limit to the number of times supervised release can be revoked and another term of supervised release imposed. Do you understand this? Yes ✓ No ___

37. In some circumstances, the judge may decide that your case warrants imposing a sentence with conditions other than incarceration for the full term of the sentence. Options available to the judge include probation, home confinement, community confinement, electronic monitoring, intermittent confinement, or a combination of any of these. Do you understand this? Yes ✓ No ___

38. If you plead guilty to a federal sex offense, you may be subject to state laws requiring the registration of sex offenders. Do you understand this?
Yes ___ No ___ Not Applicable ✓

E. **VOLUNTARY NATURE OF PLEA**

39. Are your plea(s) of GUILTY and the waivers of your rights made voluntarily and completely of your own free choice, free of any force or threats or pressures from anyone? Yes ✓ No ___

40. (a) Have you entered into a plea agreement with the government?
Yes ✓ No ___

(b) If so: Is this a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2) that reserves certain rights to appeal? Yes ___ No ✓

If yes, what issues are reserved for appeal? _____

Have you read the plea agreement or had the plea agreement read to you? Yes ✓ No ___

Have you had enough time to discuss the plea agreement with your attorney? Yes ✓ No ___

Were all the terms of the plea agreement explained to you, including any waivers of your rights? Yes ✓ No ___

Do you understand all of the terms of the plea agreement, including the waivers of your rights? Yes ✓ No ___

(c) What are your reasons for making that agreement? _I feel it is in my best interest to do so._

(d) If your plea of GUILTY involves a plea agreement, do you understand that the judge can reject the plea agreement after completion of the presentence investigation if the judge finds that the plea agreement is not in the interests of justice? Yes ✓ No ___

41. Has any promise been made by anyone that causes you to plead GUILTY aside from the plea agreement, if any, set out in your answer to question 40? Yes ___ No ✓ If yes, what promise has been made and by whom? _____

42. (a) Has any officer, attorney or agent of any branch of government (federal, state or local) promised or predicted that you will receive a lighter sentence, or probation, or any other form of leniency if you plead GUILTY? Yes ___ No ✓

(b) Do you understand no one has any authority to make any such promise or prediction on your sentence because the matter of sentencing is exclusively within the control of the judge and no one else? Yes ✓ No ___

43. Has the judge made any suggestion as to what the actual sentence will be?
    Yes _____ No ✓

44. Are you pleading GUILTY because you are guilty? Yes ✓ No _____

45. Is there any other information or advice that you want before you enter a plea?
    Yes _____ No ✓

### F. CONCLUSION/FACTUAL BASIS

46. Has your attorney reviewed and discussed with you all of these questions and your answers to them? Yes ✓ No _____

47. Do you understand all of these questions? Yes ✓ No _____

    If not, which questions do you not understand?
    _____
    _____

48. (a) Do you now want to plead GUILTY? Yes ✓ No _____

    (b) Are you GUILTY? Yes ✓ No _____

49. State what you did to commit the offense(s) to which you are now pleading GUILTY?
    On or about December 21, 2016, in the Western District of Oklahoma, for the purpose of executing a scheme to defraud in a material manner, I knowingly caused signals to be transmitted by means of wire communications in interstate commerce. In particular, I caused an interstate wire to be sent from Oklahoma Electrical Supply Company in Oklahoma City to a JPMorgan Chase server outside Oklahoma, directing JPMorgan Chase to wire transfer $1,885.59 from Oklahoma Electrical Supply Company's bank account to my personal bank account, based on my entry of fraudulent payroll data, all in violation of Title 18, United States Code, Section 1343.

*******************************************************************

I understand that if I have knowingly and intentionally made any false answers in this Petition to Enter Plea of Guilty, my answers may be used against me in another prosecution for perjury or making a false statement.

Signed by me and affirmed to be true under penalty of perjury in the presence of my attorney on this __21st__ day of __September__, 20__17__.

_____
Defendant

## CERTIFICATE OF DEFENSE COUNSEL

I, as attorney for the defendant, __Brenna Kay Underhill__, hereby certify:

1. I have read and fully explained to the defendant the allegations contained in the Indictment or Information in this case.

2. To the best of my knowledge and belief the statements, representations, and declarations made by the defendant in this Petition to Enter Plea of Guilty are in all respects accurate and true.

3. The plea of guilty offered by the defendant to Count(s) __One (1)__ accords with my understanding of the facts the defendant has related to me, is consistent with my advice to the defendant, and in my opinion is knowingly and voluntarily made.

4. I assure the Court that I have advised the defendant about the applicable sentencing procedures, including procedures under the Sentencing Guidelines, and I have explained to the defendant the potential consequences of a plea of guilty in light of the questions and concerns set forth in Sections C and D of this Petition.

Signed by me in the presence of the defendant and after full discussion of the contents of this certificate with the defendant, this __21st__ day of __September__, 2017.

_____
Attorney for Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **CERTIFICATE OF PROSECUTING ATTORNEY**

As attorney for the government, I hereby certify:

1. I have read and fully discussed with defense counsel the allegations contained in the Indictment or Information in this case.
2. I have also reviewed this Petition to Enter Plea of Guilty and find it to be in accordance with my knowledge of the defendant and this case.
3. In my judgment, acceptance of the defendant's plea(s) of guilty to the charge(s) in question will not undermine the statutory purposes of sentencing.

Signed by me this 22nd day of September, 2017.

_____
Attorney for the Government